UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Ervin Lamont Mitchell,** | ) | **CASE NO. 3:08 CV 2899** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Ed Sheldon,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon the Report and Recommendation of Magistrate Judge White (Doc. 8) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

### Facts

Petitioner, Ervin Lamont Mitchell**,** commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied. Petitioner filed

1

Objections to the Report and Recommendation.

Petitioner was indicted by a Lucas County Grand Jury for one count of possession of crack cocaine, one count of trafficking in cocaine, and one count of assaulting a peace officer. He filed a motion to suppress evidence obtained as a result of a warrantless arrest. After a hearing and briefing, the state court denied the motion. Petitioner then entered a no contest plea to one count of trafficking in cocaine, and he was sentenced.  Petitioner filed a timely notice of appeal in the state court, arguing that the trial court erred in denying his motion to suppress. The appellate court affirmed the judgment of the trial court. A motion for reconsideration was denied.  The Ohio Supreme Court declined jurisdiction.

The instant Petition asserts one ground for relief: "The trial and appellate courts should have suppressed the evidence of an unlawful search and seizure of [petitioner] in violation of his rights under the Fourth Amendment to the United States Constitution."  As supporting facts, petitioner states that he

> was subjected to a warrantless arrest on the sole basis that he was believed to be driving while under suspension but with driving privileges. As law enforcement has no probable cause to believe that he was operating his vehicle outside of the parameters of that known extension of driving privileges, the arrest was unlawful, and the fruits of that unlawful arrest should have been suppressed.
>
> The Ohio courts noted additional facts that were not relevant, including the fact the [petitioner] was observed operating his vehicle in an area that was near a high-crime area, the fact that [petitioner] was observed in some sort of hand-to-hand transaction that merely appeared possibly similar to a drug transaction, that [petitioner] was driving a vehicle of a type described by a claimed source with no credentials offered, and that [petitioner] was known to have a drug-related criminal history. The officer ordering the arrest did not claim drug activities as part of the probable cause for the arrest. The status as an 'arrest' was stipulated.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

The Magistrate Judge determined that petitioner's sole claim was not cognizable on habeas review under the doctrine of *Stone v. Powell, infra*, as he had a "full and fair" suppression hearing. Petitioner presented his Fourth Amendment claim to the Ohio courts and it was carefully considered and rejected at the trial level and on appeal.

Petitioner argues that *Stone v. Powell* was incorrectly decided or is no longer applicable. Even if applicable, petitioner asserts that he did not receive full and fair litigation of his claim. For the following reasons, this Court disagrees with petitioner.

*Stone v. Powell,* 428 U.S. 465, 482 (1976), held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."

Petitioner contends that *Powell* was incorrectly decided and that the current United States Supreme Court is unlikely to affirm it. Petitioner relies on a recent Supreme Court decision's treatment of a Fourth Amendment claim, arguing that this case shows that the present Court would likely entertain Fourth Amendment claims on habeas review. Petitioner also points to the fact that *Stone v. Powell* pre-dates the 1996 AEDPA and its logic is no

3

longer applicable.

No federal appeals court has found that *Stone v. Powell* is no longer good law. The Sixth Circuit, in particular, has continued to apply it since the AEDPA's 1996 enactment. *See*, for e.g., *Lawrence v. 48th Dist. Court*, 560 F.3d 475, f.n. 7 (6th Cir. 2009)(citing *Stone v. Powell*) ("Ordinarily, we do not recognize Fourth Amendment claims in Section 2254 actions if the state proceedings provided the petitioner a full and fair opportunity to litigate that claim."); *Harding v. Russell*, 156 Fed.Appx. 740 (6th Cir. 2005) ("We also conclude that Harding's Fourth Amendment claim is foreclosed by *Stone v. Powell,* 428 U.S. 465, 494 (1976)); and *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir.2000) (citing *Stone v. Powell*) (The court concluded that Fourth Amendment claims generally cannot be raised for the first time on federal habeas review and stated, "Accordingly, any claims concerning the validity of [petitioner's] arrest are not cognizable on habeas review under the doctrine of *Stone v. Powell*.")

At least one district court has rejected the argument that *Stone* is no longer applicable. *Shobe v. McKune*, 2007 WL 3037551 (D.Kan. October 16, 2007) (**"**Petitioner states, without citation to legal authority, that *Stone* is no longer good law because it is not explicitly incorporated by 28 U.S.C. § 2254(d). But [the] AEDPA did not overrule *Stone* and this Court continues to be bound by its holding. *See*, e.g., *Canon v. Gibson*, 259 F.3d 1253, 1260-61 (10th Cir.2001) (applying *Stone* ).")

Accordingly, this Court concludes that *Stone* is still good law. Petitioner asserts that he was denied a full and fair hearing because the Ohio courts made unreasonable interpretations of clearly established federal law and unreasonable interpretations of fact.

To determine whether petitioner was denied a full and fair hearing, "the court must [first] determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir.2000).  As was the case in *Harding v. Russell*, 156 Fed.Appx. 740 (6th Cir. 2005), "Pursuant to Ohio law, [petitioner] filed a pretrial motion to suppress and appealed the denial of the motion. Because the State of Ohio provided a full and fair opportunity for [petitioner] to litigate his Fourth Amendment claim, we conclude that claim is not cognizable on habeas review."  Petitioner herein contends that the state courts made errors resulting in improper rulings.  Petitioner, however, is not entitled to habeas relief on this basis.  *See Thornhill v. Piazza,* 2009 WL 1416699 (W.D.Pa. May 19, 2009) ("Whether or not a state court incorrectly decided a petitioner's Fourth Amendment claim is immaterial to the full and fair opportunity analysis.")

**Conclusion**

For the foregoing reasons, the Report and Recommendation is accepted, and the findings and conclusions incorporated herein by reference.  Accordingly, the Petition for Writ of Habeas Corpus is denied.  Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/29/09